IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

ROGER MILES
    PLAINTIFF

    v.

SOUTHERN CROSS BOAT WORKS INC.,
RAMON OTAZU, PABLO MUNOZ,
    DEFENDANTS

CIVIL ACTION FILE NO.

**STCV23-00636**

DATE: 4/18/23
HOUR: 108
DEPUTY SHERIFF 18499

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Roger Miles (hereinafter "Plaintiff") and hereby files this Complaint for Damages against, Southern Cross Boat Works Inc., (hereinafter "Southern") Ramon Otazu (hereinafter "Otazu"), Pablo Munoz (hereinafter "Munoz"), and respectfully show this Court the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction and venue over the parties and the subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court, and the events giving rise to this claim occurred in Chatham County, Georgia.

2. Defendant Southern does substantial business in Chatham County Georgia, and has employees located in Georgia, and Defendant owns vehicles and equipment that are located in Georgia such that Defendant maintains a constant and regular presence in the State of Georgia thereby subjecting Defendant to the jurisdiction of this court.

### II. PARTIES AND SERVICE

3. At all times relevant hereto, Plaintiff, Roger Miles resided at 808 E. Gwinnett Street, Savannah, Chatham County, Georgia 31401. For purposes of this action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

4. At all times relevant hereto, Defendant Southern was a Florida Corporation doing business in the State of Georgia as outlined in paragraph two above. Pursuant to O.C.G.A. 50-21-35. Defendant may be served by serving the registered agent, Munoz, Pablo German, 2019 SW 20th Street, Suite 225, Fort Lauderdale, FL 33315. Defendant is subject to the jurisdiction and venue of this Court.

5. Defendant Ramon Otazu, at all times material hereto, was driving a motor vehicle and conducting business in Chatham County, Georgia. Pursuant to O.C.G. A. 50-21-35 Defendant may be served at 2019 SW 20th Street, Suite 225, Fort Lauderdale, FL, 33315. Defendant is subject to the jurisdiction and venue of this Court.

6. Defendant Pablo Munoz, at all times material hereto, was a director, officer and also acted personally and individually on behalf of Southern conducting business in Chatham County, Georgia. Pursuant to O.C.G. A. 50-21-35 Defendant may be served at 2019 SW 20th Street, Suite 225, Fort Lauderdale, FL 33315. Defendant is subject to the jurisdiction and venue of this Court.

### III. NATURE OF THE ACTION

7. This ia a negligence action brought by Plaintiff to recover all damages suffered as a result of Defendants' negligence in causing the motor vehicle collision that occurred on SR 21 and Bourne Ave., Savannah, Chatham County, Georgia, which ultimately caused Plaintiff to suffer personal and excruciating pain and is the subject of this lawsuit.

### IV. FACTS

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 7 above as if fully restated.

8. On or about March 31, 2021, Plaintiff was a passenger in a 2016 Ford Fusion traveling on SR-21 and Bourne Ave., Savannah, Chatham County, Georgia where the vehicle he occupied was stopped to yield for traffic coming through the intersection in

the right turn lane.

9. At all times relevant hereto, the vehicle Plaintiff occupied was driving safely and prudently and obeying all rules of the road.

10. On or about March 31, 2021, Defendant Otazu, was operating a motor vehicle traveling directly behind Plaintiff, on SR-21 and Bourne Ave., in Savannah, Chatham County, Georgia.

11. On or about said time and place, Defendant Otazu negligently became distracted and smashed into the rear end of the vehicle Plaintiff occupied thereby causing property damage to the Ford Fusion, as well as immediate injuries to Plaintiff.

12. The aforesaid collision was not the result of any negligence on the part of the vehicle Plaintiff occupied.

13. The Defendant Otazu was unreasonable and negligent for following too close.

14. Defendant Otazu's violation of O.C.G.A. 40-6-49 also constitutes negligence per se as well as ordinary negligence.

15. At said time and place, Defendant Otazu failed to act in the manner expected of a reasonable and prudent driver by driving recklessly and negligently on the roadways in the State of Georgia.

16. As a direct and proximate result of this collision, the Plaintiff suffered significant physical and mental pain and suffering as well as extensive costs and expenses.

## V.    COUNT I.
## NEGLIGENCE OF DEFENDANT OTAZU

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 above.

18. At all times material to this Complaint, Defendant Otazu owed a duty to the public at large and to the Plaintiff in particular to operate and maintain the vehicle in a reasonable safe manner. Defendant Otazu breached his duty and was negligent as hereinafter set forth:

a. On said date, Defendant Otazu failed to exercise reasonable care in that he negligently operated or maintained the motor vehicle so that said motor vehicle collided with the vehicle in which the Plaintiff was driving.

b. Defendant Otazu committed such other negligent and tortious acts or omissions as reflected by evidence.

c. Defendant Otazu's negligence in the operation and maintenance of his vehicle was the direct and proximate cause of said collision and the resulting injuries to the Plaintiff.

d. Defendant Otazu is personally liable to the Plaintiff for all injuries and damages suffered by the Plaintiff, which were the direct and proximate result of the negligent and tortious acts and omissions of the Defendant.

e. Defendant Otazu operated his motor vehicle negligently by following too closely – violating O.C.G.A. 40-6-49 (A), Following Too Closely.

f. Defendant Otazu failed to reduce his speed to avoid the collision, thereby losing control of his motor vehicle causing further damage.

g. Defendant Otazu failed to timely apply the brakes to his motor vehicle in order to avoid the collision.

h. Defendant Otazu failed to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances.

i. Defendant Otazu failed to remain reasonably attentive to the traffic and other conditions existing on the intersection, as a reasonably prudent person would have been under the same or similar circumstances.

j. Defendant Otazu failed to give the requisite attention necessary as a reasonably prudent driver would; and

k. Defendant Otazu was negligent, as Defendant operated his motor vehicle, thereby violating Georgia traffic laws.

21. Plaintiff has incurred attorney's fees and court costs as a result of having to bring this action.

22. As a direct and proximate result of the negligence of Defendant Otazu, Plaintiff incurred medical expenses in excess of $40,378.45, mileage expense, prescription costs and other expenses. The losses are permanent and continuous and the Plaintiff will incur these expenses and costs in the future.

23. As a direct and proximate result of the negligence of Defendant Otazu, the Plaintiff suffered serious bodily injury and resulting pain and suffering, aggravation of previously existing condition, disability, mental anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff demands:

   a) That summons be issued, and process be served upon Defendant Otazu in accordance with the law, unless the same be waived.

   b) Trial by jury on all issues be given.

   c) That past, present, and future general damages be awarded in an amount to be determined by the enlightened consciousness of a jury.

   d) That past, present, and future special damages be awarded.

   e) Costs and interests from the date of demand until paid; and

   f) That Plaintiff be granted such other and further relief as this Court deems just and proper.

VI. COUNT II
NEGLIGENCE AGAINST DEFENDANT SOUTHERN AND DEFENDANT MUNOZ /
RESPONDEAT SUPERIOR

24. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-23 above as if fully restated.

25. At all times relevant herein, Defendant Otazu was an employee of Defendant Southern, and/or Munoz acting in the course and scope of his employment with Defendant Southern and/or Munoz, and not under frolic and detour of his own.

26. At all times relevant herein, Defendant Otazu operated a vehicle owned by Defendant and/or Munoz Southern, with the consent of Defendants.

27. Defendant Southern and/or Munoz was negligent when it entrusted Defendant, Otazu with its motor vehicle, and Defendant Otazu was acting in furtherance of the financial interests of Defendant Southern and/or Munoz, by operating the motor vehicle for Defendants' customers, while under Defendants direct control.

28. At all times mentioned, Defendant Otazu was acting in the course and scope of his employment and/or actual or apparent agency with Defendant Southern and/or Munoz, and his actions were activated by his purpose to serve Defendants and were within the time and space limits of Defendant Otazu's work. Defendant Otazu's work was actually or apparently authorized by Defendant Southern and/or Munoz, and Defendants are liable for Defendant Otazu's acts and omissions as outlined herein under the doctrine of respondeat superior.

29. **WHEREFORE**, Plaintiff demands:

    a) That summons be issued, and process be served upon Defendant Southern and Defendant Munoz in accordance with the law, unless the same be waived.

    b) Trial by jury on all issues be given.

    c) That past, present, and future general damages be awarded in an amount to be determined by the enlightened conscience of a jury.

    d) That past, present, and future special damages be awarded.

    e) Costs and interest from the date of demand paid; and

f) That he be granted such other and further relief as this Court deems just and proper.

## VII. COUNT III
## NEGLIGENCE AGAINST DEFENDANT SOUTHERN AND DEFENDANT MUNOZ / NEGLIGENT HIRING, TRAINING AND RETENTION

30. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-23 and 28 above as if fully restated.

31. Defendant Southern and /or Munoz was negligent in hiring Defendant Otazu and entrusting him to drive a motor vehicle.

32. Defendant Southern and/or Munoz was negligent in failing to properly train Defendant Otazu.

33. Defendant Southern and/or Munoz was negligent in failing to discharge Defendant Otazu before the crash.

34. Defendant Southern and/or Munoz was careless and negligent when it gave the possession and use of its company motor vehicle into the care and custody of Defendant Otazu, in which Defendant Southern and/or knew or should have known Defendant Otazu's propensity to engage in conduct that could cause injury to other persons or property upon the public way. Defendant Southern and/or Munoz' negligent acts were the direct and proximate cause of the collision and injuries Plaintiff complains of.

35. Defendant Southern's and/or Munoz' negligence in hiring Defendant Otazu, entrusting him with driving a company motor vehicle, and failing to train and supervise him properly, proximately and directly caused Plaintiff's injuries and damages.

36. **WHEREFORE,** Plaintiff demands:

g) That summons be issued, and process be served upon Defendant Southern and Defendant Munoz in accordance with the law, unless the same be waived.

h) Trial by jury on all issues be given.

i) That past, present, and future general damages be awarded in an amount to be determined by the enlightened conscience of a jury.

j) That past, present, and future special damages be awarded.

k) Costs and interest from the date of demand paid; and

l) That he be granted such other and further relief as this Court deems just and proper.

## VIII.  COUNT IV
## NEGLIGENCE AGAINST DEFENDANT SOUTHERN AND DEFENDANT MUNOZ / NEGLIGENT SUPERVISION

37. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-23 and 28 above as if fully restated.

38. Defendant Southern and/or Munoz was negligent in failing to properly supervise Defendant Otazu.

39. Defendant Southern and/or Munoz was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

40. Defendant Southern's and/or Munoz negligence in hiring Defendant Otazu, entrusting him with driving a company vehicle, and failing to train and supervise him properly proximately and directly caused Plaintiff's injuries and damages.

41. **WHEREFORE,** Plaintiff demands:

m) That summons be issued, and process be served upon Defendant Southern and Defendant Munoz in accordance with the law, unless the same be waived.

n) Trial by jury on all issues be given.

o) That past, present, and future general damages be awarded in an amount to be determined by the enlightened conscience of a jury.

p) That past, present, and future special damages be awarded.

q) Costs and interest from the date of demand paid; and

r) That he be granted such other and further relief as this Court deems just and proper.

## VIIII. COUNT V
## DAMAGES

42. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-41 above as if fully restated.

43. As the direct and proximate result of Defendant Otazu, Defendant Munoz and Defendant Southern's negligence, Plaintiff suffered personal injuries and will continue to suffer personal injuries in the future, including bodily injuries, pain and mental suffering.

44. As the direct and proximate cause of Defendant Otazu, Defendant Munoz and Defendant Southern's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, including current medical bills totaling $40,378.45, for treatment of the injuries caused solely and proximately by Defendant Munoz, Defendant Otazu and Defendant Southern.

45. As the direct and proximate result of Defendant Munoz, Defendant Otazu and Defendant Southern's negligence, Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely and proximately by

Defendant Munoz, Defendant Otazu and Defendant Southern.

46. As the direct and proximate result of Defendant Munoz, Defendant Otazu and Defendant Southern's negligence, Plaintiff incurred lost wages, in an amount to be proven at trial, caused solely and proximately by Defendant Otazu and Defendant Southern.

47. As the direct and proximate result of Defendant Munoz, Defendant Otazu and Defendant Southern's negligence. Plaintiff has suffered a diminished earnings capacity, in the amount to be proven at trial, caused solely and proximately by Defendant Munoz, Defendant Otazu and Defendant Southern.

48. As the direct and proximate result of the Defendant Munoz, Defendant Otazu and Defendant Southern's negligence Plaintiff has suffered pain and suffering and will continue to suffer pain and suffering for the injuries caused solely and proximately by Defendant Munoz, Defendant Otazu and Defendant Southern.

49. As the direct and proximate result of the Defendant's negligence, Plaintiff suffered a physical impairment in the past and future, in the amount to be proven at trial, for the treatment of the injuries caused solely and proximately by Defendant Otazu, Defendant Munoz and Defendant Southern.

50. Pursuant to O.C.G.A. 51-12-5.1, Plaintiff is entitled to Punitive Damages in an amount to be determined by the enlightened conscience of the jury because Defendant Munoz, Defendant Otazu and Defendant Southern acts and omissions were wanton, willful, and gross. As such, Defendant Munoz, Defendant Otazu and Defendant Southern should be punished due to the enormity of Plaintiff's losses which flow directly from Defendant Munoz, Defendant Otazu and Defendant Southern's conduct and said punitive damages

should take into account the size and liquidity of Defendant Munoz, Defendant Otazu and Defendant Southern in order to discourage Defendants from engaging in such willful, wanton, and gross conduct in the future.

51. As the direct and proximate result of Defendant Munoz, Defendant Otazu and Defendant Southern, Plaintiff is entitled to attorney fees under O.C.G.A. 13-6-11.

52. To the extent Plaintiff suffered a pre-existing condition, Defendant Munoz, Defendant Ortazu and Defendant Southern proximately caused an aggravation to such condition.

## COUNT VII.
## PRAYER

58. **WHEREFORE,** Plaintiff respectfully prays that (a) Defendant Munoz, Defendant Southern and Defendant Otazu be cited to appear and answer herein, and (b) that upon final hearing of cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, including (c) attorney fees and costs of court, (d) a jury trial of twelve, and (e) such other and further relief to which Plaintiff may show himself justly entitled.

This 28th day of March 2023.

Respectfully Submitted,

/S/ Wille J. Walker, Esquire
625 West Union Street, Suite #3
Jacksonville, Florida 32202
Georgia State Bar No: 732900
(P) 904.358.7104
(F) 904.353.3702
(E) thewalkerlawofficespa@gmail.com

Respectfully Submitted,

/S/ Shaquandra A. Woods, Esquire
5501 Wesconnett Blvd. - Unit 7115
Jacksonville, Florida 32244
Georgia State Bar No: 579239
(P) 904.683.2955
(F) 904.325.7150
(E) sawoodsoffice@gmail.com